THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO CALDERÓN RODRÍGUEZ, Defendant and Appellant.

No. CR-67-279.      Decided May 8, 1969.

*Santos P. Amadeo* and *Ángel Viera Martínez* for appellant. *Rafael A. Rivera Cruz, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for the People.

PER CURIAM: Appellant fired several revolver shots at the human being, Rubén Darío Moreira Drew, inflicting on him a wound which caused his death. He was charged with murder in the first degree. The trial on the merits having been held,

a jury found him guilty of murder in the second degree and an indeterminate sentence was imposed on him of from 12 to 20 years in the penitentiary at hard labor.[1]

Appellant points out that the trial court erred (1) in denying the motion requesting the discharge of the jury, since the prosecuting attorney, in his opening statement to the jury told the same that defendant-appellant had been expelled from the Police, depriving him thus from his right to an impartial trial, and (2) in refusing to discharge the jury at the request of the defense in view of the prosecuting attorney's improper conduct in bringing up at the prosecution matters extraneous to the same, provoking a series of incidents between the prosecuting attorney and the defense which rendered impossible the holding of a just and impartial trial for defendant.

When the prosecuting attorney began his opening statement to the jury he said that he sought to establish that on or about January 28, 1962 (date on which the events occurred) defendant, Pedro Calderón Rodríguez, was a policeman in the

---

[1] The evidence for the prosecution, briefly stated, established the following:

About January 28, 1962 defendant was a state policeman and lived at Marina Street in the Ward Amparo of Río Piedras, where Rubén Darío Moreira Drew also lived with his wife and children. That day a luncheon was served at defendant's house, and alcoholic beverages were used there. Moreira Drew went out early with his family to spend the day in his brother's house and returned at dusk. After arriving at his house and taking off some clothes he went down and began talking with a little girl and her parents. During that conversation Rubén Darío made reference, in a protesting manner, to the automobiles which were parked there. Defendant Calderón came down from his porch and had a discussion with Rubén Darío. Defendant took his shirt off and aimed a blow at Rubén Darío throwing him on the ground. The latter's wife came down and intervened advising Rubén to go back to the house. As they were doing this, defendant, who had gone towards his house, returned with a revolver in his hands. Rubén Darío told his wife to go up to the house and lock herself in.

While the defendant was facing Rubén Darío, the latter with empty hands behind his back, the former told him that he was going to count up to three. He began to count and to fire towards Rubén, who remained still and with his hands in the aforesaid position. One of the shots mortally wounded Rubén, who died later.

State Police of Puerto Rico and that he was subsequently expelled from said corps. Appellant requested for that reason the discharge of the jury. Immediately the judge charged the jury as follows:

"Ladies and gentlemen of the jury, you should not take into consideration the statements of the Prosecuting Attorney, as to the point that defendant was expelled from the police, you should not absolutely take into consideration said fact mentioned in the opening statement. I also want to warn the ladies and gentlemen of the jury, that the statement of the People as well as that of the defense when it is presented and set forth is not evidence, but it is rather the case, which the Prosecuting Attorney or the defense present to you, which they are going to prove, which according to them they have evidence to support the same, that is not evidence, it is only a tender on which they base their case. I repeat again, efface from your minds that statement of the Prosecuting Attorney, and he should not refer to that fact." (Solicitor General's Report, pp. 2 and 3.)

The reference made by the prosecuting attorney to a fact which the jury could not consider in order to determine the guilt or innocence of defendant was incorrect. However, the judge's fast intervention in charging the jury in the aforesaid manner, and the manner in which this long prosecution which lasted around eleven days was developed do not convince us that defendant was deprived of his right to an impartial trial. In this case we have not been shown that defendant suffered a positive damage or that his substantial rights have been prejudiced and even less that he was not given a fair and impartial trial. The judge who presided the trial did not abuse his discretion in refusing to discharge the jury for the reason indicated. *People* v. *Ruiz*, 79 P.R.R. 902 (1957); *People* v. *Díaz*, 74 P.R.R. 348 (1953); *People* v. *Rivera*, 64 P.R.R. 623 (1945). The statement of the case did not have any probative force and thus it was explained by the judge to the jury. *People* v. *Sevilla Canales*, judgment of

March 29, 1968. This incident is not sufficient to set aside the verdict.

In his opening statement the prosecuting attorney told the jury: "In the morning as in other previous days, a neighbor had seen this defendant shoot and kill a cat, a thing which was common in that locality. . . ." The defense objected and in the absence of the jury its request to discharge the jury was discussed. After an adjournment the judge charged the jury in the following way:

"JUDGE:
At the time the session was adjourned the discharge of the jury had been raised to the court. *The prosecuting attorney as a tender of evidence in his statement said that defendant had performed certain acts upon firing at a cat.* The court understands that that statement thus offered at this stage of the proceedings, in such way, *the same is inadmissible.* Therefore the ladies and gentlemen of the jury are charged not to take into account those statements of the prosecuting attorney, I stress that the statement of the People as well as that of the defense when offered and presented is not evidence but rather it is the case which the defense or the prosecuting attorney seeks to prove, *which according to them they have the evidence in support thereof,* that is not evidence, it is only a tender on which they base their case. I repeat again, efface from your minds those statements of the prosecuting attorney. *The motion to discharge the jury raised by the defense is denied."* (Italics in the original.) (Appellant's brief, pp. 13, 14.)

■    The witness for the prosecution, Benita Díaz, testified that she had observed appellant during the morning hours. abusing a cat with a revolver. The defense requested the elimination of the interrogatory. The court admitted the testimony as to the fact that the witness saw appellant with a revolver and upheld defense's objection as to the abuse of the cat. However, during cross-examination the witness testified more than once about the incident with the cat and the defense did not request the elimination of that testimony. Therefore, as to that particular the prosecuting attorney did not introduce

any elements extraneous to the evidence during his opening statement. *People* v. *Fournier*, 80 P.R.R. 376 (1958).

The study of the transcript of evidence, especially at pages 127 to 146 to which appellant refers in his brief, does not show that in this case the argument of the prosecuting attorney tended to deprive appellant of an impartial trial. The proceedings in this prosecution are different from those in the cases of *People* v. *Steinhardt*, 9 N.Y.2d 267; *Berger* v. *United States*, 295 U.S. 78, cited by appellant, for which reason the same are distinguishable.

Finally we point out that while charging the jury the judge told them:

"At this moment, Ladies and Gentlemen of the Jury, I want to remind you of the instructions which I have given you throughout this prosecution. You are going to decide this case, you are going to decide it taking into consideration the allegations which have been presented and on the grounds of the evidence which has been introduced during this prosecution. According to that evidence, the credit it may deserve, that of the People as well as that of the defense, and in accordance with these instructions which I have given you. The fact that he had been a policeman cannot have any weight for you with respect to the consideration that you should give to his case. If he is guilty or not, whether or not he had been a policeman is a circumstance which you should efface from your minds upon weighing the guilt or innocence of this defendant.

"Even though both parties referred to this aspect to which I am going to refer—the defense objecting because said fact would be used to impress you or to influence your attitude towards defendant, as he said; and the prosecuting attorney making reference also to the same—I reiterate the instruction which I have previously given you, that the fact that defendant would have killed a cat should not have any weight upon your conscience or your consideration. Your duty is to weigh the evidence which has passed and has been presented from the witness stand in order to determine the credibility which it deserves so as to finally decide whether this defendant is guilty beyond a reasonable doubt." (Report of the Solicitor General, p. 9.)

For the reasons stated the judgment appealed from will be affirmed.

Mr. Justice Hernández Matos did not participate herein.

